Linus Everling, SBN 019760
Thomas L. Murphy, SBN 022953
GILA RIVER INDIAN COMMUNITY
525 W. Gu u Ki
P.O. Box 97
Sacaton, Arizona 85147
(520) 562-9760
Linus.Everling@gric.nsn.us
Thomas.Murphy@gric.nsn.us

Donald R. Pongrace (*pro hac vice* application forthcoming)
Merrill C. Godfrey (*pro hac vice* application forthcoming)
Jason T. Hauter, SBN 022188
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000
dpongrace@akingump.com
mgodfrey@akingump.com
jhauter@akingump.com

*Attorneys for the Gila River Indian Community*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gila River Indian Community, a federally recognized Indian tribe, <br><br> Plaintiff, <br><br> v. <br><br> Joyce Cranford; David Schoebroek; Eva Schoebroek; Donna Sexton; Marvin Sexton; and Patrick Sexton, <br><br> Defendants. | **COMPLAINT** |

The Gila River Indian Community (on behalf of itself and its Pima and Maricopa Indian members) (the "Community") brings this Complaint against the defendants named herein to enjoin and declare unlawful the pumping of subflow of the Gila River without a Globe Equity No. 59 Decree ("Decree") right and the irrigation of the lands identified in Exhibit A. On information and belief, these lands have been irrigated with the waters of

the Gila River, without any right to use such waters under the Decree, a consent decree adopted by this Court on June 29, 1935 that identified and quantified all rights to use the natural flow of the mainstem of the Gila River. *See* Case No. CV 31-0059-TUC-SRB.

## NATURE OF THE ACTION

1. This action seeks to enjoin and declare unlawful the pumping of subflow of the Gila River without a Decree right and the irrigation of the defendants' lands using the waters of the Gila River without an appurtenant Decree right. The irrigated lands at issue in this case are identified in the maps attached as Exhibit A. Each such parcel is given a unique number in Exhibit A.

2. The Decree, adopted by this Court on June 29, 1935, quantified all rights to use the natural flow of the mainstem of the Gila River.

3. There are no Decree rights appurtenant to the lands in Exhibit A.

4. Pumping subflow of the Gila River requires a Decree right.

5. On information and belief, the defendants (or their lessees, agents, or assigns acting under their authority) are pumping waters of the Gila River without an associated Decree right, from wells that are unauthorized points of diversion, and using such water to irrigate the lands identified in Exhibit A.

6. The Community seeks an order declaring such diversions and irrigation in derogation of the rights granted by the Decree, directing the Commissioner to cut off such irrigation and seal the defendants' wells pumping the waters of the Gila River, and requiring each of the defendants to cease and prevent such diversions and irrigation.

## PARTIES

7. The Gila River Indian Community is a sovereign Indian nation composed of members of the Pima and Maricopa Tribes, traditionally known as the Akimel O'otham and Pee-Posh. It is organized and federally recognized pursuant to § 16 of the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 5123. The Community is a party to the Decree.

8. As alleged more particularly herein, defendants are persons who own land to which no Decree rights are appurtenant that, on information and belief, are being irrigated with the waters of the Gila River.

9. On information and belief, Joyce Cranford resides at 390341 AZ 75, Duncan, Arizona 85534.

10. On information and belief, David Schoebroek and Eva Schoebroek reside at 231 Barney Lane, Duncan, Arizona 85534.

11. On information and belief, Marvin Sexton and Donna Sexton reside at 951 Jackrabbit Drive, Duncan, Arizona 85534.

12. On information and belief, Patrick Sexton resides at 240 Indian Hill Road, Duncan, Arizona 85534.

## JURISDICTION

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1362.

14. This Court has continuing jurisdiction over the interpretation, administration and enforcement of the Decree.

15. This Court has jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees, including the Decree.

16. This Court has continuing jurisdiction over all uses of the waters of the mainstem of the Gila River.

17. Defendants are each subject to this Court's jurisdiction in that they own lands that, on information and belief, have been irrigated with waters of the Gila River, which waters are subject to this Court's continuing jurisdiction under the Decree.

## GENERAL ALLEGATIONS

18. The preceding allegations are incorporated by reference.

19. The attached maps in Exhibit A are part of this complaint and are incorporated here by reference.

20. The Decree rights polygons depicted in the Exhibit A maps are taken from the Globe Equity Water Rights Database. (*See* Case No. CV 31-0059-TUC-SRB, Doc. 8090.)

21. The maps in Exhibit A were generated using ESRI ArcGIS software, which is the same software used for the Globe Equity Water Rights Database. The background photography in the maps was taken in 2016, 2017, 2018, and 2019, as noted on the maps.

22. The lands identified in Exhibit A have no appurtenant Decree rights.

23. On information and belief, the lands identified in Exhibit A have been irrigated with pumped well water in one or more irrigation years from at least 2016 to present.

24. On information and belief, the water being used to irrigate the lands identified in Exhibit A consists in whole or in part of the waters of the Gila River.

25. On information and belief, the pumps and wells that diverted the water used to irrigate the lands in Exhibit A are not authorized points of diversion for the waters of the Gila River.

**DEFENDANT-SPECIFIC ALLEGATIONS**

**Joyce Cranford**

26. Joyce Cranford is the record owner of Parcel 3, located in Greenlee County, Arizona, in Assessor Parcel Number 40021009A, as indicated by the maps in Exhibit A.

27. Although Parcel 3 is within the boundaries of the Franklin Irrigation District, it does not receive water from the Franklin Irrigation District.

28. Parcel 3 lacks any appurtenant Decree rights.

29. Parcel 3 was irrigated during one or more irrigation years from January 2016 to present.

30. On information and belief, the irrigation referred to in paragraph 29 was accomplished in whole or in part using water pumped from underground.

31. On information and belief, the irrigation referred to in paragraph 29 was

accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

32. On information and belief, the irrigation of Parcel 3 referred to in paragraph 29 using the waters of the Gila River is in derogation of the rights of the Community (and other Decree parties) to divert and use the waters of the Gila River.

33. On information and belief, Parcel 3 will continue to be irrigated from time to time with the waters of the Gila River unless this Court issues an order preventing or prohibiting such irrigation.

**David and Eva Schoebroek**

34. David and Eva Schoebroek are the record owners of Parcels 1 and 2, in Assessor Parcel Number 30078001A, located in Greenlee County, Arizona, as indicated by the maps in Exhibit A.

35. Although Parcels 1 and 2 are within the boundaries of the Franklin Irrigation District, neither Parcel 1 nor Parcel 2 receives water from the Franklin Irrigation District.

36. Parcels 1 and 2 lack any appurtenant Decree rights.

37. Parcel 1 was irrigated during one or more irrigation years from 2016 to present.

38. Parcel 2 was irrigated during one or more irrigation years from 2016 to present.

39. On information and belief, the irrigation referred to in paragraph 37 was accomplished in whole or in part using water pumped from underground.

40. On information and belief, the irrigation referred to in paragraph 37 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

41. On information and belief, the irrigation referred to in paragraph 38 was accomplished in whole or in part using water pumped from underground.

5

42. On information and belief, the irrigation referred to in paragraph 38 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

43. On information and belief, the irrigation of Parcels 1 and 2 referred to in paragraphs 37 and 38 using the waters of the Gila River is in derogation of the rights of the Community (and other Decree parties) to divert and use the waters of the Gila River.

44. On information and belief, Parcels 1 and 2 will continue to be irrigated from time to time with the waters of the Gila River unless this Court issues an order preventing or prohibiting such irrigation.

**Marvin and Donna Sexton; Patrick Sexton**

45. Marvin and Donna Sexton are the record owners of Parcels 5, 6, 7, and 8, located in Greenlee County, Arizona, in Assessor Parcel Numbers 40021006 and 40006004, as indicated by the maps in Exhibit A.

46. Patrick Sexton is the record owner of Parcel 4, located in Greenlee County, Arizona, in Assessor Parcel Number 40021008, as indicated by the maps in Exhibit A.

47. Although Parcel 4 is within and Parcel 5 is partially within the boundaries of the Franklin Irrigation District, neither Parcel 4 nor Parcel 5 receives water from the Franklin Irrigation District.

48. Parcels 4 and 5 are irrigated together as part of a single unit using a center pivot.

49. Parcels 4, 5, 6, 7, and 8 lack any appurtenant Decree rights.

50. Parcel 4 was irrigated during one or more irrigation years from 2016 to present.

51. Parcel 5 was irrigated during one or more irrigation years from 2016 to present.

52. Parcel 6 was irrigated during one or more irrigation years from 2016 to present.

53. On information and belief, Parcel 7 was irrigated during one or more irrigation years from 2016 to present.

54. On information and belief, Parcel 8 was irrigated during one or more irrigation years from 2016 to present.

55. On information and belief, the irrigation referred to paragraph 50 was accomplished in whole or in part using water pumped from underground.

56. On information and belief, the irrigation referred to paragraph 50 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

57. On information and belief, the irrigation referred to paragraph 51 was accomplished in whole or in part using water pumped from underground.

58. On information and belief, the irrigation referred to paragraph 51 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

59. On information and belief, the irrigation referred to paragraph 52 was accomplished in whole or in part using water pumped from underground.

60. On information and belief, the irrigation referred to paragraph 52 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

61. On information and belief, the irrigation referred to paragraph 53 was accomplished in whole or in part using water pumped from underground.

62. On information and belief, the irrigation referred to paragraph 53 was accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

63. On information and belief, the irrigation referred to paragraph 54 was accomplished in whole or in part using water pumped from underground.

64. On information and belief, the irrigation referred to paragraph 54 was

accomplished in whole or in part using the waters of the Gila River, including subflow, diverted without authorization under the Decree.

65. On information and belief, the irrigation of Parcels 4, 5, 6, 7, and 8 referred to in paragraphs 50, 51, 52, 53, and 54 using the waters of the Gila River is in derogation of the rights of the Community (and other Decree parties) to divert and use the waters of the Gila River.

66. On information and belief, Parcels 4, 5, 6, 7, and 8 will continue to be irrigated from time to time with the waters of the Gila River unless this Court issues an order preventing or prohibiting such irrigation.

## CLAIMS FOR RELIEF (ALL DEFENDANTS)

### CLAIM ONE:  DECLARATORY RELIEF

67. All preceding paragraphs are incorporated here.

68. The Community seeks an order declaring that irrigation of the parcels in Exhibit A is and has been accomplished with the waters of the Gila River without an associated Decree water right, consisting of or including the subflow of the Gila River.

69. The Community seeks an order declaring specifically which wells used by the defendants are pumping subflow of the Gila River.

70. Such declaratory relief will clarify and settle legal relations in issue between the Community and the defendants by resolving the legal character of the water contested here.

71. Such declaratory relief will afford relief from the uncertainty and controversy faced by the parties regarding the legal character of the water used to irrigate the lands in Exhibit A.

### CLAIM TWO:  ORDER THAT GILA WATER COMMISSIONER SEAL WELLS

72. All preceding paragraphs are incorporated here.

73. The Gila Water Commissioner is charged with assisting the Court in the enforcement of the Decree and is responsible for cutting off any illegal diversions of the

waters of the Gila River known to her.

74. The Gila Water Commissioner, as an officer of this Court, has authority to cut off and seal wells known to be diverting the waters of the Gila River without a Decree right.

75. On information and belief, the defendants' wells, including the wells being used to irrigate the lands in Exhibit A, are diverting the waters of the Gila River without a Decree right.

76. The Community seeks an order directing the Gila Water Commissioner to cut off and seal the defendants' wells diverting the waters of the Gila River without a Decree right, including the wells being used to irrigate the lands in Exhibit A, by removing the meters from the electrical power connection to the pumps, severing the pipe leading from the pump to the irrigation delivery system, and welding a metal cap onto the pipe where it has been severed.

### CLAIM THREE: INJUNCTIVE RELIEF

77. All preceding paragraphs are incorporated here.

78. The Community seeks an injunction requiring the defendants to cease and prevent diversion, pumping, or deliveries of waters of the Gila River to lands without Decree rights, including for the lands in Exhibit A.

79. The lands at issue here are susceptible to continued irrigation with the waters of the Gila River unless this Court enjoins such violations.

80. The irrigation at issue here is causing irreparable harm and damages are not an adequate remedy because water is a limited and often irreplaceable resource in Arizona; because, on information and belief, the defendants are not capable of paying a judgment in the amount of the replacement cost of the water used contrary to the Decree; and because a multiplicity of suits would be required to seek compensation every year if an injunction is not issued.

81. The equities favor an injunction because the waters of the Gila River have

already been adjudicated by this Court sitting in equity by way of an equitable Decree, and because allowing the defendants and their successors to continue to profit indefinitely from disregard of the Decree would deprive the Community of the rights it received in the Decree in settlement of its claims.

82. The defendants will suffer no legally cognizable harm by being prohibited from using water to which they have no right, while the Community is suffering harm from the loss of water it would otherwise receive absent defendants' irrigation in violation of the Decree.

83. An injunction is in the public interest because it would effectuate this Court's orders and decrees, would contribute to the orderly management of the waters of the Gila River, would protect the many Decree rights holders with valid rights downstream of the defendants' lands, and would prevent the defendants and their successors from profiting at the expense of all downstream Decree rights holders entitled to the use the waters being diverted to the defendants' lands.

**RELIEF REQUESTED**

WHEREFORE, the plaintiff seeks the following relief:

1. A declaration that irrigation of the parcels in Exhibit A was and is accomplished with the waters of the Gila River without an associated Decree water right, consisting of or including the subflow of the Gila River;

2. An order declaring specifically which wells used by the defendants are pumping subflow of the Gila River;

3. An order directing the Gila Water Commissioner to cut off and seal the defendants' wells diverting the waters of the Gila River without a Decree right, including the wells being used to irrigate the lands in Exhibit A, by removing the meters from the electrical power connection to the pumps, severing the pipe leading from the pump to the irrigation

delivery system, and welding a metal cap onto the pipe where it has been severed;

4. An order requiring the defendants to cease and prevent diversion, pumping, or deliveries of waters of the Gila River for irrigation of the lands in Exhibit A; and

5. Such other and additional relief as the Court deems just and equitable.

DATED this 14th day of August 2019.

>Linus Everling, SBN 019760
>Thomas L. Murphy, SBN 022953
>GILA RIVER INDIAN COMMUNITY
>525 W. Gu u Ki
>P.O. Box 97
>Sacaton, Arizona 85147
>(520) 562-9760
>Linus.Everling@gric.nsn.us
>Thomas.Murphy@gric.nsn.us
>
>Donald R. Pongrace (*pro hac vice* application forthcoming)
>By: /s/ *Merrill C. Godfrey*
>Merrill C. Godfrey (*pro hac vice* application forthcoming)
>Jason T. Hauter, SBN 022188
>AKIN GUMP STRAUSS HAUER & FELD LLP
>2001 K Street, N.W.
>Washington, D.C. 20006
>(202) 887-4000
>dpongrace@akingump.com
>mgodfrey@akingump.com
>jhauter@akingump.com
>
>*Attorneys for Plaintiff Gila River Indian Community*